# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SERMOUNE BLAYLOCK,

    *Plaintiff,*

vs().                                               Case No. 13-2045-EFM-DJW

FABIAN TINNER,

    *Defendant.*

## MEMORANDUM AND ORDER

The instant case arises from Fabian Tinner's third attempt to have this Court intervene in his state court divorce proceedings due to his dissatisfaction with the state court's handling of the case. Tinner filed two previous cases with this Court, in 2011 and 2012, alleging that multiple constitutional violations occurred during his divorce and child support case in state court. Both of those cases were dismissed. In January 2013, Tinner removed his state court divorce case. Because removal is improper, the Court remands the case back to state court.

### I.     Factual and Procedural Background

On December 20, 2011, Fabian Tinner filed a pro se Complaint in this Court, Case No. 11-2695. The Court allowed Tinner to proceed *in forma pauperis*. Tinner alleged that multiple defendants deprived him of his civil rights in the course of a divorce proceeding in the District Court of Johnson County, Kansas. Although his Complaint was not entirely clear, it appeared

that he alleged that the state court ordered him to pay too much child support and that numerous individuals conspired against him in his divorce court proceeding. There were numerous deficiencies with Tinner's Complaint. Thus, the Court dismissed Tinner's case finding that it was without jurisdiction to review some of the claims, it must abstain from exercising jurisdiction over several of his claims, judicial immunity barred several of his claims, and Tinner failed to state a claim.[1] Tinner attempted to appeal this case several times to the Tenth Circuit Court of Appeals, but his appeals were dismissed because of procedural issues.[2]

On November 30, 2012, and while his first case was still on appeal to the Tenth Circuit,[3] Tinner filed another pro se Complaint in this Court, Case No. 12-2751. He again alleged that numerous federal issues occurred, or were occurring, in his divorce and child support case in the District Court of Johnson County.[4] Tinner also sought leave to proceed *in forma pauperis*, which the Court granted, but withheld service of process pending 28 U.S.C. § 1915(e) and jurisdictional review.[5] The Court then issued a Show Cause Order directing Tinner to demonstrate why the action should not be dismissed because of the similarity of Case No. 12-2751 to the previously dismissed case, Case No. 11-2695.[6] Tinner's response to the Show Cause

---

[1] Doc. 45 in Case No. 11-2695.

[2] Docs. 70, 75 in Case No. 11-2695. This Court denied Plaintiff's Motion for Leave to Appeal *in forma pauperis*. Doc. 59 in Case No. 11-2695.

[3] The Tenth Circuit dismissed Tinner's first appeal in August, 2012 for lack of prosecution. Doc. 70. The Tenth Circuit issued its second opinion dismissing Tinner's appeal on December 5, 2012. *Tinner v. Foster*, 2012 WL 6032464 (10th Cir. Dec. 5, 2012).

[4] Plaintiff's allegations are oftentimes incomprehensible. In Case No. 12-2751, he names a state court judge, three court personnel, a private attorney, and a state appellate clerk as Defendants. He lists numerous Kansas and federal statutes that have allegedly been violated.

[5] Doc. 5 in Case No. 12-2751.

[6] Doc. 6 in Case No. 12-2751.

Order provided no coherent rationale as to why the case should not be dismissed. Thus, the Court dismissed the case on January 29, 2013. Tinner is currently appealing that dismissal to the Tenth Circuit.

On January 24, 2013, Tinner removed his divorce and child support case from the District Court of Johnson County to this Court. The Court assigned him Case No. 13-2045. Tinner also filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3). The Court issued a Show Cause Order (Doc. 5) directing Tinner to demonstrate why the state court case should not be remanded to state court. Tinner filed his response, as well as a Motion for Hearing, in which he requested a hearing or judgment on the pleadings (Doc. 8). Tinner also filed a Motion for Disqualification of Judge (Doc. 4). The Court will now address these motions and the propriety of Tinner's removal of the state court action.

## II. Analysis

### A. *Disqualification of Judge*

Tinner has filed a Motion for Disqualification of Judge (Doc. 4). Tinner seeks the disqualification of the undersigned pursuant to 28 U.S.C. §§ 144 and 455(b)(1). He contends that the undersigned should be disqualified "due to his prejudicial nature willfully abusing discretion subjecting Plaintiff to wanton suffering and mental anguish." Although Tinner's assertions are sometimes incomprehensible, Tinner primarily complains that the undersigned's decision in Case No. 11-2695[7] was erroneous. Tinner also states that the undersigned

---

[7] Tinner states that the case number is 12-2696 or 12-2695, but he apparently means 11-2695.

influenced Magistrate Judge Rushfelt's decision to enter a Show Cause Order in Case No. 12-2751.[8]

> It is within the Court's discretion whether to recuse.[9] 28 U.S.C. § 144 provides:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

With respect to recusal under this statute, the facts alleged in the movant's supporting affidavit must be taken as true, but the movant's affidavit is strictly construed against him.[10] "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial."[11] In addition, "[t]he affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."[12]

---

[8] Tinner filed an identical motion for disqualification in Case No. 12-2751, but the Court did not rule on the motion before dismissing the case.

[9] *Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987).

[10] *Id.*

[11] *Id.*

[12] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

In this case, Tinner fails to submit an affidavit setting forth the facts and reasons for his belief that bias exists, as required under § 144.[13] Furthermore, even if the Court could construe his motion for disqualification as an affidavit, he does not set forth an adequate basis as to why the undersigned is biased or prejudiced against him. He simply states that the undersigned's previous rulings demonstrate prejudice. "[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification."[14] Thus, Tinner fails to present a legally sufficient basis for disqualification under § 144.

Pursuant to 28 U.S.C. § 455(b)(1), any judge of the United States shall disqualify himself if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The test for determining whether a judge should disqualify himself under this statue is an objective one and requires recusal only if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[15] There must be a "reasonable *factual* basis [] for calling the judge's impartiality into question."[16] In this case, Tinner fails to present any reasonable factual basis to cast doubts on the undersigned's impartiality. Accordingly, Tinner's Motion for Disqualification and Motion for Hearing are denied.

---

[13] Tinner states that he attached an affidavit to his motion, but he did not. He attached a docket sheet from Case No. 11-2695, two amended notices of appeal, a "Motion with Leave of Court to Amend Complaint Removal of State Action to U.S. District Court of Kansas," and a "Request for Change of Venue to State Courts." An affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary 66 (9th ed. 2009).

[14] *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation marks and citation omitted).

[15] *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (quotation marks and citation omitted).

[16] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

### B. *Show Cause Order and the Propriety of Removal*

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[17] Federal removal jurisdiction is statutory in nature and is to be strictly construed.[18] "There is a presumption against removal jurisdiction," and the burden is on the removing party to show the propriety of the removal.[19] 28 U.S.C. § 1446(b) requires that the notice of removal be filed within 30 days after the defendant's receipt of the initial petition. Any doubts about the validity of removal are resolved in favor of remand.[20]

In this case, Tinner removed his state court divorce case, which has been ongoing for over six years, to this Court. The state court petition, attached to his Notice of Removal, is a Petition for Divorce filed in the District Court of Johnson County, Kansas on October 25, 2007.[21] When filing his Notice of Removal, he stated that he invoked the Court's jurisdiction pursuant to 28 U.S.C. §§ 1441, 1443, and 1447. Tinner also asserted that the case involves a "Question of Constitutionality of Statutes and the Supremacy Clause of the U.S. Government when clear error of manifest injustice." Tinner's Notice of Removal, however, did not reference any cause of action contained in the state court petition. Instead, Tinner simply complained about rulings and hearings that had occurred, or were occurring, in the state court action. He also complained about various orders entered by this Court in his previous two cases. Because the propriety of

---

[17] 28 U.S.C. § 1441(a).

[18] *First Nat'l Bank & Trust v. Nicolas*, 768 F. Supp. 788, 790 (D. Kan. 1991).

[19] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[20] *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[21] Tinner also attached several other documents, most of which were irrelevant to the state court action.

removal was not readily apparent, the Court entered a Show Cause Order directing Tinner to demonstrate why the state court case should not be remanded and the action dismissed.

Tinner's response to the Court's Show Cause Order fails to clarify his rationale for removal, nor does it provide any coherent basis for the Court to exercise jurisdiction. Tinner again simply cites to various statutes and then complains about decisions already made by the state court.[22] Tinner's removal is deficient in numerous ways. First, Tinner's removal is untimely as he did not file a notice of removal within 30 days of service of the state petition. The state court case has been ongoing for over six years. In addition, although it appears that Tinner is seeking to invoke diversity jurisdiction, he provides no basis for this Court to do so.[23] As noted, the state court petition is a divorce petition and involves child support issues. "It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child."[24] Finally, although § 1443 authorizes removal to federal court of certain civil rights cases,[25] Tinner does not provide any specific factual allegations for removal on this basis. "[N]one of his claims arises 'under a federal law

---

[22] It also appears that Tinner complains about Judge Waxse's Show Cause Order in this case, but Tinner's assertions are largely incomprehensible.

[23] Tinner states that he seeks to have the case tried in the District of Kansas, but Tinner states that he does not reside in Kansas (resides in Missouri) and that Petitioner resides in Minnesota. Tinner also states that he seeks damages in excess of $75,000 because he requests 15 million dollars in damages. The Court, however, looks to the state court petition for the basis of jurisdiction. *Laughlin*, 50 F.3d at 873 ("The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.").

[24] *Hunt v. Lamb*, 427 F.3d 725, 726-27 (10th Cir. 2005) (quotation marks and citations omitted) (finding that when the underlying state court action involved child custody issues, it was not removable because it was not a case that could be initiated in federal court).

[25] Tinner cites § 1443 as one of his bases for removal.

providing for specific civil rights stated in terms of racial equality.' "[26] Tinner simply seeks to remove a divorce case that is apparently ongoing, with a dispute over child support. There simply is no basis for this Court to exercise jurisdiction. Because Tinner cannot demonstrate good cause as to why this state action should be removed to federal court, the Court remands the case back to state court.

### C. *In Forma Pauperis Motion and Filing Restrictions*

Tinner also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3) in this case. The Court may authorize the commencement of a civil suit "without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor."[27] Proceeding *in forma pauperis* in a civil case is a privilege and is within the Court's discretion to grant or deny.[28] If a plaintiff is proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." In this case, Tinner's removal of his state court case is improper, and the Court lacks jurisdiction over the case. Thus, the Court remands the case back to state court and denies Tinner's Motion for Leave to Proceed *in forma pauperis*.

Tinner has filed three cases in this Court since December 20, 2011, related to his divorce case in Johnson County. In addition, Tinner filed another pro se Complaint in this Court on

---

[26] *Colorado v. Jackson*, 271 F. App'x 811, 812 (2008) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

[27] 28 U.S.C. § 1915(a)(1).

[28] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

December 20, 2011 alleging breach of contract and fraud.[29] In all four of these cases, Tinner either proceeded *in forma pauperis* or sought leave to proceed *in forma pauperis*.

It is well-established that "the right of access to the courts is neither absolute nor unconditional."[30] Pro se litigants, who are not deterred from frivolous filings by the threat of mounting attorney's fees, can compromise the interests of justice when the Court "is forced to devote its limited resources to the processing of repetitious and frivolous requests."[31] Therefore, the federal courts have inherent power to impose necessary and appropriate restrictions upon a party in aid of jurisdiction.[32] An injunction may be appropriate where the Court sets forth the litigant's abusive and lengthy history, gives the litigant notice and opportunity to be heard, and makes clear the requirements the plaintiff must meet to obtain permission to file an action.[33] When considering the appropriateness of an injunction, the Court must consider the following five factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary

---

[29] *See* Case No. 11-2694-JTM. The Court dismissed Tinner's case for lack of subject matter jurisdiction because he failed to allege diversity of citizenship or federal question jurisdiction. Doc. 12. After Tinner repeatedly filed post-judgment motions, the Court threatened Tinner with sanctions if he continued to file frivolous motions challenging the dismissal of the case. Doc. 31. The Tenth Circuit Court of Appeals affirmed the Court's dismissal finding that the court did not have subject matter jurisdiction. *Tinner v. Farmers Ins. Co., Inc.*, 2012 WL 6013802 (10th Cir. Dec. 4, 2012).

[30] *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

[31] *In re Sindam*, 498 U.S. 177, 179–80 (1991).

[32] *Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994).

[33] *Tripati*, 878 F.2d at 353–54.

burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[34]

The central question for the Court is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[35] The Court has reviewed the enumerated factors and answered the ultimate question in the affirmative.

Tinner has filed four frivolous pro se lawsuits in the United States District Court for the District of Kansas in the last two years. Three of these lawsuits were duplicative because Tinner sought this Court's involvement with his state court divorce and child support case. All three cases were dismissed because Tinner had no jurisdictional basis to bring the case or failed to state a claim. The fourth lawsuit was also dismissed for lack of jurisdiction. In all of Tinner's cases, he filed numerous, duplicative motions that unnecessarily diverted the Court's limited resources. Oftentimes, the majority of Tinner's allegations were incoherent and failed to address his claims or the Court's orders. Finally, Tinner could not have possessed an objective, good faith belief that he will prevail on his later cases after the Court had previously ruled against similar allegations.

In light of Tinner's continued filings, the Court finds it necessary to impose filing restrictions to deter future frivolous motions. The Court enjoins Tinner from any further pro se filings in Case Nos. 12-2751[36] and 13-2045 and from initiating any action in this district without first obtaining either leave from the Court, if proceeding pro se, or the representation of an

---

[34] *United States v. Kettler*, 934 F.2d 326 (table), 1991 WL 94457, at *6 (D. Kan. June 3, 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

[35] *Safir*, 792 F.2d at 24.

[36] The Court entered judgment on January 29, 2013, in this case. Tinner has filed three post-judgment motions. His most recent filing was March 29, 2013, in which he filed a "Motion with Leave of Court Amended Notice of Appeal to Supreme Court."

attorney in good standing who is licensed to practice in the State of Kansas and admitted to practice in this Court.

Because the Court is imposing these restrictions sua sponte, the Court will permit Tinner to file objections to the Court's provisional restrictions. Tinner is not required to file any objections, but if he chooses to do so, they are due on or before April 25, 2013. If Tinner chooses not to file any objections, the provisional filing restrictions described below will take effect on April 26, 2013.

**IT IS ACCORDINGLY ORDERED** this 11th day of April, 2013, that Tinner's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is **DENIED**.

**IT IS FUTHER ORDERED** that Tinner's Motion for Disqualification of Judge (Doc. 4) is **DENIED**.

**IT IS FUTHER ORDERED** that Tinner's Motion for Hearing (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Tinner fails to demonstrate good cause to this Court's Show Cause Order (Doc. 5) as to why this case should not be remanded back to state court. Thus, the Court remands the case back to state court.

**IT IS FURTHER ORDERED** that if Tinner fails to comply with the conditions set out above for the filing of objections, then the following injunction shall become effective on April 26, 2013:

1. Unless he first obtains leave, Fabian Tinner is **ENJOINED** from making any pro se filings in the United States District Court for the District of Kansas in or related to the subject matter of District of Kansas case numbers 12-2751-EFM and 13-2045-EFM.

2. Tinner is further **ENJOINED** from commencing any pro se litigation in the United States District Court for the District of Kansas unless he first obtains leave to proceed.

3. If Tinner, proceeding pro se, desires to file a new lawsuit in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

   A. A copy of this Order and any subsequent Order;

   B. A copy of the proposed complaint or pleading;

   C. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court that involve the same or similar claims or parties, including the name, number, and status or disposition of each listed case.

   D. A notarized affidavit certifying that:

   (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

   (2) The claims are not frivolous, malicious, or made in bad faith.

4. Tinner shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination as to whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an order of denial. Failure to follow these procedures will result in the summary rejection of any future case Tinner attempts to file in this Court.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE